# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

## No. 96-40393
_____

GERALD A. REESE,

                                                    Plaintiff-Appellant,

versus

MARY CHOATE, Sheriff, Bowie County
Sheriff's Dept., in her personal and
individual capacity; ET AL.,

                                                    Defendants-Appellees.

_____

### On Appeal from the United States District Court
### for the Eastern District of Texas
### USDC No. 5:95-CV-101
_____

### October 23, 1996

Before POLITZ, Chief Judge, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:[*]

   Gerald Reese, a Texas prisoner, appeals the 28 U.S.C. § 1915(d)[1] dismissal of his

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]Redesignated  § 1915(e)(2)(B)(i) by § 804 of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

civil rights complaint complaining of (1) denial of access to the courts, and (2) placement in administrative segregation in violation of the due process and cruel and unusual punishment clauses. The magistrate judge recommended dismissal of the complaint as frivolous in a report sent to Reese on March 12, 1996. Reese was required to file objections to the report on or before March 26, 1996. No objections were filed and on March 27, 1996, the district court issued its judgment of dismissal.

On April 1, 1996 Reese filed a motion for continuance of the time for objecting to the magistrate judge's report. There was no allegation that the report was received late or that the factual findings were in error. Reese complains only of an incorrect application of the law.

The claim of denial of access to the courts was based on the allegations of inordinate delay and "fast shuffle" treatment accorded in the delivery of three legal texts Reese acquired from West Publishing Company. If the alleged allegations occurred, a situation is presented in which prison authorities could take no pride, but such allegations do not rise to the level of a constitutional denial of access to the courts.[2] A prisoner must show actual legal injury to prevail on an access-to-the-court claim.[3] Reese makes no such allegations.

The claims of due process and cruel and unusual punishment clause violations are

---

[2]*Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1123 (1994).

[3]*Lewis v. Casey*, 116 S.Ct. 2174 (1996).

2

equally unavailing. Reese contends that the complaint of administrative segregation results from the effort by prison authorities to retaliate against him because of the suits he had filed against authorities and his complaints about the performance of their duties. These allegations were deemed conclusory and frivolous by the district court. We agree.[4]

AFFIRMED.

---

[4]See *Whittington v. Lynaugh*, **842 F.2d 818 (5th Cir.), cert. denied, 488 U.S. 840 (1988).**